COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:           Ex parte Jesse Andrew Lopez

Appellate case number:      01-17-00586-CR

Trial court case number:     17-DCR-077033

Trial court:                         268th District Court of Fort Bend County

Represented by appointed counsel, appellant, Jesse Andrew Lopez, filed a notice of appeal of the trial court's order denying his pretrial, habeas-corpus application. We initially abated the appeal and remanded the case to allow appellant to obtain a written order on his application and the trial court to execute a certification of appellant's right of appeal. While the case was abated, appointed counsel filed a brief on appellant's behalf. Appellant then submitted a pro se "Notice of New Lead Counsel and Appellant's Pro Se Status," a pro se "Supplemental/Correction of Appellant's Brief" and a pro se "Supplementation to Appellant's Brief." Appellant's pro se documents reflected that he also had filed a motion to replace counsel in the trial court.

On September 26, 2017, we issued a second abatement order directing the trial court to conduct a hearing to determine whether appellant wished to waive counsel on appeal and, if yes, should be allowed to proceed pro se after being properly admonished. On October 18, 2017, the trial court clerk filed a supplemental clerk's record that includes the trial court's "Response to Order of First Court of Appeals." In the response, the trial court states that it ordered an examination to determine appellant's competency pursuant to article 46B.004(a) of the Texas Code of Criminal Procedure, the appointed expert had found appellant "Not Competent to Stand Trial," and, thus, the court could not find that appellant had "intelligently and voluntarily waived counsel as required by law" and "it would be imprudent to proceed with the hearing ordered by the First Court of Appeals."

In a separate proceeding in this Court, appellant now has filed a petition for a writ of mandamus in which he seeks issuance of a writ directing the trial court to comply with this Court's September 26, 2017 abatement order. According to the petition, a hearing

was held on January 29, 2018, and relator "established his pro se status."[1] Neither a court reporter's record nor any additional supplemental clerk's record regarding the matters addressed in the September 26, 2017 order has been filed in this appeal.

Accordingly, we direct the trial court to immediately conduct a hearing as directed in this Court's order, issued on September 26, 2017, if such hearing has not been held, and make any appropriate findings of fact and conclusions of law. The trial court shall have a court reporter, or court recorder, record the hearing.

The court reporter is directed to file the reporter's record of the hearing no later than 15 days from the date of this order. If the hearing is conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court no later than 15 days from the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and any orders with this Court no later than 15 days from the date of this order.

Appointed counsel on appeal, Steven A. Doggett, continues to represent appellant in this Court until discharged by the trial court or the appeal is exhausted. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (Vernon Supp. 2017).

The appeal remains abated, treated as a closed case, and removed from this Court's active docket.

It is so ORDERED.

Judge's signature: /s/ Terry Jennings
           ☒ Acting individually   ☐ Acting for the Court

Date: March 1, 2018

---

[1] The Fort Bend County District Clerk's Office online docket reflects that the trial court, on February 1, 2018, signed an order appointing "'**Standby Counsel**' to defend [appellant]."